UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | \| | BANKRUPTCY CASE |
| | \| | |
| DAVID FLOYD MERRITT, | \| | 18-31204-JPS |
| | \| | |
| Debtor. | \| | CHAPTER 13 PROCEEDING |

### NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN BEFORE CONFIRMATION

DAVID FLOYD MERRITT, DEBTOR IN THE ABOVE-STYLED BANKRUPTCY MATTER, HAS FILED DOCUMENTS WITH THE COURT TO MODIFY DEBTOR'S CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. **If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

**The original confirmation was scheduled for January 16, 2018 held at U.S. Courtroom - U.S. Post Office Building, 115 East Hancock Avenue, Athens, Georgia.** If you do not want the court to grant this motion or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response no later than 7 days before the date set for the rescheduled confirmation notes below hearing **and attend the scheduled hearing noted below**. The objection or response should be sent to:

| | | |
|---|---|---|
| Clerk, U. S. Bankruptcy Court | | Clerk, U.S. Bankruptcy Court |
| Middle District of Georgia | or | Middle District of Georgia |
| P. O. Box 1957 | | P.O. Box 2147 |
| Macon, Georgia 31202 | | Columbus, Georgia 31902 |
| 478-752-3506 | | 706-649-7837 |

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the debtor and trustee.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to L.B.R. 3015-2 (d)(2)(B).

Dated this 12th day of December 2018.

    Respectfully submitted,
    JEFF FIELD & ASSOCIATES

    /s/ R. Jeffrey Field

    _____
    R. Jeffrey Field 2589670
    Attorney for Debtor
    342 North Clarendon Avenue
    Scottdale, Georgia 30079
    404-499-2700
    contactus@fieldlawoffice.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | \| | BANKRUPTCY CASE |
| | \| | |
| DAVID FLOYD MERRITT, | \| | 18-31204-JPS |
| | \| | |
| Debtor. | \| | CHAPTER 13 PROCEEDING |

## **MOTION TO MODIFY CHAPTER 13 PLAN PRIOR CONFIRMATION**

Comes now, DAVID FLOYD PILCHER, Debtor, and respectfully shows to this Court the following changes:

1.

Debtor modifies Part 5.1 of the Chapter 13 Plan to read as follows:

5.1.   **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)**

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of **$34,048.80** to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in Part 6 Nonstandard Provisions along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive **$16,008.00**. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $**0.00** to the general unsecured creditors to be distributed prorata.

2.

A copy of the Chapter 13 Plan is attached hereto.

Dated this 12th day of December 2018.

                                                    Respectfully submitted,
                                                    JEFF FIELD & ASSOCIATES

                                                    /s/ R. Jeffrey Field
                                                    _____
                                                    R. Jeffrey Field 2589670
                                                    Attorney for Debtor
                                                    342 North Clarendon Avenue
                                                    Scottdale, Georgia 30079
                                                    404-499-2700
                                                    contactus@fieldlawoffice.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| DEBTOR | * Chapter 13 |
|---|---|
| **David Floyd Merritt** | * Case No. 18-31204 |

{☑} Check if this is a modified plan, and list below the sections of the plan that have been changed.

**Amended Plan**    5.1

# CHAPTER 13 PLAN
## MIDDLE DISTRICT OF GEORGIA
### (NOT OFFICIAL FORM 113)

**Part 1: Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.**

| 1.1 | **Limit the Amount of a Secured Claim:** The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of Liens:** The plan requests the avoidance of a judicial lien or non-possessory, non-purchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard Provisions:** The plan sets out **Nonstandard Provision in Part 6.** | ☑ Included | ☐ Not Included |

**Income status of debtor(s) as stated on Official form 122-C1**

**Check One:**

☐ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

☑ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

**Part 2: Plan Payments and Length of Plan**

2.1. **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and **THE DEBTOR** shall pay to the Trustee the sum of __**$250.00 per week**__. (If the payments change over time include the following.) These plan payments change to ____ on ____

2.2. **Additional Payments:** Additional payments of __ will be made on __ from ____. (Source)

2.3. **Trustee Percentage Fee:** The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the debtor(s).

2.4. **Plan Length:** If the debtor(s)' current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.
If the debtor(s)' current monthly income is not less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3: Treatment of Secured Claims**

From the payments so received, the Trustee shall make disbursements to allowed claims as follows:

3.1. **Long Term Debts:** The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| **21st Mortgage Corp** | **January 1, 2019** | **$461.16** | ☑ |

3.2. **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term
secured debts listed in Section 3.3 and 3.5

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| **21st Mortgage Corp** | **$3,300.00** | **0.00%** | **Residence 2982 Crabapple Hollow Road Nicholson, GA 30565  Madison County Lien is only against mobile home** | **$0.00** |

3.3. **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **BB&T (Sheffield Financial)** | **$3,057.55** | **2.00%** | **2016 Toro Lawn Mower** | **$61.00** |
| **Sports & Imports Autos, Inc.** | **$11,000.00** | **6.00%** | **2005 Ford Explorer Sport Trac 182,000 miles** | **$400.00** |

3.4. **Pre-confirmation Adequate Protection:** Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **BB&T (Sheffield Financial)** | **$50.00** |
| **Sports & Imports Autos, Inc.** | **$140.00** |

3.5. **Secured Creditors Subject to Cram-down:** After confirmation of the plan, the following secured creditors who are subject to cram-down, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

3.6. **Surrendered Collateral:** The following collateral is **surrendered to the creditor.** If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions.** The debtor(s) agrees to termination of the stay under 11 U.S.C. §362(a) and §1301(a) with respect to the collateral, effective upon confirmation of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **Gateway One Lending & Finance** | **2014 Chevrolet Silverado 40,000 miles** |

3.7. **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| **-NONE-** | |

3.8. **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

## Part 4: Treatment of Fees and Priority Debt

4.1. **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $**3,250.00** to be paid as follows:
**(SELECT ONE)**

☑ Pursuant to the current Administrative Order on Attorney Fee Awards

☐ By another method as set out in Part 6 Nonstandard Provisions. Attorney will be required to submit an itemization of their time to the Court.

4.2. **Domestic Support Obligations:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ____%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| -NONE- | |

4.3. **Priority Claims:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.2 will be paid in full over the life of the plan as funds become available in the order specified by law.

**Part 5: Treatment of Non Priority Unsecured Claims**

5.1. **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)**

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of **$34,048.80** to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in Part 6 Nonstandard Provisions along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive **$16,008.00**. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $**0.00** to the general unsecured creditors to be distributed prorata.

5.2. **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a) _____% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in Part 2 Section 2.4.

(b) The debtor(s) anticipates unsecured creditors will receive a dividend of __**75**__%, but will also pay the highest amount shown in paragraph, 5.1(a), 5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. **Unsecured Claims:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
|---|---|---|
| -NONE- | | |

5.4. **Executory Contracts and Unexpired Leases:** The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| -NONE- | |

5.5. **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in Part 6 Nonstandard Provisions below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6. **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be

reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

**Nonstandard Provisions:** Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void.*

**A proof of claim filed to cure arrearages on a long term debt shall be paid in full, unless objected to, notwithstanding an estimated amount being stated in Part 3.2 above.**

**Part 7: Signatures**

7.1.  **Certification:** The debtor's(s') attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia, except for language contained in **Part 6: Nonstandard Provisions.**

Debtors

**/s/ David Floyd Merritt**                                                           **December 12, 2018**
Signature of debtor                                                                    Date


Signature of debtor                                                                    Date

Debtor's(s') Attorney
**/s/ R. Jeffrey Field**                                                               **December  12, 2018**
Signature of debtor(s) attorney                                                        Date

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day mailed a true and exact copy of the foregoing "Notice of Motion to Modify Chapter 13 Plan Prior Confirmation" and "Motion to Modify Chapter 13 Plan Prior to Confirmation" to the following:

Camille Hope
Office of the Chapter 13 Trustee
PO Box 954
Macon, Georgia 31202

David Floyd Merritt
1023 Banks Academy Road
Carnesville, Georgia 30521

All Creditors Reflected On
The Attached Mailing Lists

electronically or by placing a copy of same in a properly addressed envelope with sufficient postage affixed thereon to insure delivery and depositing same in the United States Mail.

Dated this 12th day of December 2018.

          Respectfully submitted,
          JEFF FIELD & ASSOCIATES

          /s/ R. Jeffrey Field
          _____
          R. Jeffrey Field 2589670
          Attorney for Debtor
          342 North Clarendon Avenue
          Scottdale, Georgia 30079
          404-499-2700
          contactus@fieldlawoffice.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113G-3<br>Case 18-31204<br>Middle District of Georgia<br>Athens<br>Mon Nov 12 14:05:46 EST 2018 | 433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202-1957 | (p)21ST MORTGAGE CORPORATION<br>PO BOX 477<br>KNOXVILLE TN 37901-0477 |
| American Home Furniture<br>2721 Hwy. 441 S.<br>Commerce, GA 30529 | (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 | Citibank/The Home Depot<br>Attn: Recovery/Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179-0034 |
| Credit One Bank<br>Attn: Bankruptcy<br>Po Box 98873<br>Las Vegas, NV 89193-8873 | ERC/Enhanced Recovery Corp<br>Attn: Bankruptcy<br>8014 Bayberry Road<br>Jacksonville, FL 32256-7412 | Emblem Mastercard<br>PO Box 772801<br>Chicago, IL 60677-2801 |
| Fingerhut<br>Attn: Bankruptcy<br>Po Box 1250<br>Saint Cloud, MN 56395-1250 | Gateway One Lending & Finance<br>Attn: Bankruptcy<br>160 North Riverview Dr. Ste 100<br>Anaheim, CA 92808-2293 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 |
| Internal Rev. Svc./ Insol.<br>401 W. Peachtree St., NW<br>Room 400, Stop 334-D<br>Atlanta, GA 30308 | Kay Jewelers<br>Attn: Bankruptcy<br>Po Box 1799<br>Akron, OH 44309-1799 | Mariner Finance<br>8211 Town Center Dr.<br>Nottingham, MD 21236-5904 |
| Montgomery Ward<br>1112 7th Ave<br>Monroe, WI 53566-1364 | OneMain Financial<br>Attn: Bankruptcy<br>601 Nw 2nd Street<br>Evansville, IN 47708-1013 | Regional Finance - Athens<br>690 Highway 29 N<br>Suite 135<br>Athens, GA 30601-1545 |
| Republic Finance<br>3190 Atlanta Hey Suite 1<br>Athens, GA 30606-6994 | Rise<br>Attn: Bankruptcy<br>PO Box 101808<br>Fort Worth, TX 76185-1808 | Sheffield Financial<br>PO Box 1847<br>Wilson, NC 27894-1847 |
| Sheffield Financial<br>PO Box 580229<br>Charlotte, NC 28258-0229 | Sports & Imports Autos, Inc.<br>620 Jesse Jewell Pkwy<br>Gainesville, GA 30501-4208 | U.S. Auto Finance<br>Attn: Bankruptcy Department<br>824 N. Market St., Ste. 220<br>Wilmington, DE 19801-3024 |
| U.S. Trustee - MAC<br>440 Martin Luther King Jr. Boulevard<br>Suite 302<br>Macon, GA 31201-7987 | USAA Federal Savings Bank<br>Attn: Bankruptcy<br>10750 Mcdermott Freeway<br>San Antonio, TX 78288-1600 | Wesley Merritt<br>1023 Banks Academy Road<br>Carnesville, GA 30521-2023 |
| Camille Hope<br>Office of the Chapter 13 Trustee<br>P.O. Box 954<br>Macon, GA 31202-0954 | David Floyd Merritt<br>1023 Banks Academy Road<br>Carnesville, GA 30521-2023 | R. Jeffrey Field<br>Jeff Field & Associates<br>342 North Clarendon Avenue<br>Scottdale, GA 30079-1320 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| 21st Mortgage Corp<br>Attn: Legal<br>PO Box 477<br>Knoxville, TN 37901 | BB&T<br>Attn: Bankruptcy<br>PO Box 1847<br>Wilson, NC 27894 | Georgia Department of Revenue<br>Compliance Division<br>1800 Century Blvd., NE, S9100<br>Atlanta, GA 30345 |

**End of Label Matrix**
Mailable recipients    29
Bypassed recipients     0
Total                  29